**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE: CCSL BILOXI, LLC** | **CASE NO.: 25-51843-KMS** |
| **DEBTOR-IN-POSSESSION** | **CHAPTER 11** |

**EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION CLAIMS OF CERTAIN ESSENTIAL TRADE CREDITORS**

COMES NOW CCSL Biloxi, LLC (the "Debtor" or the "Movant") and files this its Emergency Motion for an Order Authorizing Debtor to Pay Pre-Petition Claims of Certain Essential Trade Creditors ("Motion"), and in support thereof would respectfully show as follows, to-wit:

**INTRODUCTION**

1. On December 9, 2025 (the "Petition Date"), the Movant filed with this Court its voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). The Debtor remains in possession of its assets and properties as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. To date, no trustee, examiner or official committee has been appointed in this case.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is § 105(a) of the Bankruptcy Code.

## BACKGROUND

4. The Debtor is engaged in the business of commercial laundry services, specifically for large hotels and casinos. The Debtor purchases parts, equipment and supplies and pays for services from a number of vendors a schedule of which is attached hereto as Exhibit "A" (the "Vendors").

5. The Debtor represents maintaining its business relationship with the Vendors is vital to the Debtor's continued operation. The specific explanation of the importance of the Vendors is they provide the supplies and services necessary for the Debtor to operate its business. Due to the recurring nature of the Debtor's business, were the Debtor to lose its relationship with the Vendors, it would be unable to meet its customers' needs and its customers would be forced to find a replacement for the Debtor's services immediately. If the Debtor damages its relationship with the Vendors or experiences any disruption in the provision of the Vendors' goods and services, its ability to generate future revenue would suffer and thereby have a significant, adverse impact upon the reorganization efforts of the Debtor.

6. The Debtor's relationship to the Vendors is they are the only suppliers capable of meeting the needs of the Debtor without a considerable disruption and delay of the Debtor's operations. The Vendors are parties providing services and/or goods key to the Debtor's continued business operations. It is likely the Vendors are unwilling to continue to supply the Debtor unless their pre-petition claims are paid.

7. The Debtor has carefully identified the Vendors whose pre-petition claims it believes need to be paid immediately for the Debtor to continue receiving post-petition good and/or services. The Debtor believes it is necessary to pay the Vendors to avoid them refusing to

sell goods and/or provide services to the Debtor on customary trade terms, and to ensure the Vendors do not interrupt the provisions of the essential goods.

8. The Vendors will likely refuse to allow the Debtor to continue to purchase goods on the same terms as it enjoyed pre-petition. Such actions will jeopardize the Debtor's liquidity and hinder its ability to obtain confirmation of a plan. Furthermore, deterioration of trade credit and/or cancellation or disruption of goods will jeopardize the Debtor's competitiveness in the industry and its ability to maintain the going concern value of its business. Failure to pay the claims of the Vendors and the harm that would result would certainly be detrimental to the interests of the estate and all interested parties thereto.

## RELIEF REQUESTED

9. There are outstanding balances due to all the Vendors listed on Exhibit "A." The Debtor has not yet made arrangement for payment of these claims.

10. The Debtor requests authority to pay the pre-petition claims of the Vendors from unencumbered funds that are the property of the Debtor's bankruptcy estate and to continue making payments to the Vendors as necessary in the ordinary course of Debtor's business.

## AUTHORITY FOR RELIEF REQUESTED

11. The Court's general equitable powers are codified in section 105(a) of the Bankruptcy Code. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." *11 U.S.C. § 105(a)*. A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionospehere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989)* (citing *NLRB v. Bildisco &Bildisco*, *465 U.S. 513, 528 (1984))*. Under section 105(a), a court "can permit a pre-plan

payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992))*, and if "payment of the pre-petition claims is "critical to the debtor's reorganization efforts." *In re Just for Feet, Inc., 242 B.R. 821, 826 (Bankr. D. Del. 1999)(*citing *In re Financial News Network, Inc., 134 B.R. 732, 736 (Bankr.S.D.N.Y. 1991))*.

12. The Debtor submits the Court is authorized to grant the relief requested herein pursuant to § 105(a), which provides in pertinent part "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The Debtor strongly believes the continuation of favorable trade terms and credit are imperative to its reorganization efforts and payment of the pre-petition claims of the Vendors is essential to ensure such a result. The Court may exercise its equitable powers to grant the relief requested in this Motion.

13. Further, the Debtor avers § 105(a), in conjunction with § 1107(a), fully permit and authorize the Court to enter an order approving this Motion.

14. As a fiduciary to the creditors of the Debtor's estate under § 1107(a), the Debtor must seek to protect and preserve the value of the estate. *7 Collier On Bankruptcy ¶ 1107.02[4] (15th ed. Revised.).* The estate now before the Court is clearly the most valuable as a going concern, and the continued, uninterrupted operation of the Debtor's business is vital to sustaining that value. Ensuring the Vendors continue to provide the Debtor with goods and/or services is essential to the Debtor's preservation of the value of the estate and its ability to successfully obtain confirmation of a plan.

15. The authority to grant the relief requested herein is also based on the Doctrine of Necessity, which has been explained by the Third Circuit Court of Appeals and which "teaches

no more, than if payment of a claim that arose prior to reorganization is essential to the continued operation of the [business] during the reorganization, payment may be authorized even if it is made out of the corpus." *In re Lehigh & New England Ry.Co., 657 F.2d 570, 581 (3rd Cir. 1981); see also In re Sharon Steel Corp., 159 B.R. 730, 736 (Bankr. W.D. Penn. 1993)(holding same); Ionosphere Clubs, 98 B.R. at 176; In re Chateaugay Corp., 80 B.R. 279 (S.D.N.Y. 1987).* It is imperative the Debtor continue its relationship with the Vendors to prevent undue harm to the estate. The Debtor believes payment of the pre-petition claims is the best way to accomplish all these goals and does not unduly prejudice other interested parties.

16. Therefore, the Debtor requests the Court exercise its authority under § 105(a) to authorize payment of the pre-petition claims of the Vendors to enable the Debtor to fulfill its duty as a debtor-in-possession, and the Order approving this Motion be binding upon any subsequent Chapter 7 or 11 Trustee or other successor in interest.

17. The Debtor further proposes that, if granted the authority to pay the pre-petition claims of the Vendors, these Vendors will supply goods and services under the trade terms that existed pre-petition.

18. In the event the Vendors receiving payment pursuant to any order granting this Motion thereafter refuse to continue supplying goods or services according to the pre-petition customary trade terms or other terms agreeable to the Debtor, the Debtor reserves all rights in connection therewith that may be available to it under the Bankruptcy Code and applicable state law.

19. An urgent and emergency situation exists, justifying the Court, at least preliminarily, granting the Motion on an emergency basis in order to avoid irreparable harm to

the Debtor which may occur in the event the current "indirect" purchase route, that is cumbersome and inefficient, should happen to fail for any reason in the future.

20. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, the Debtor respectfully requests the Court enter an Order granting the Motion in its entirety and further, authorizing the Debtor to pay the pre-petition claims of the Vendors in the amounts to be provided by the Debtor. The Debtor prays for other such general and specific relief as the Court may deem just.

THIS the 10th day of December, 2025.

                                              Respectfully Submitted,

                                              **CCSL BILOXI, LLC**

                                              By: */s/ W. Jarrett Little*
                                                   W. Jarrett Little, Its Attorney

OF COUNSEL

W. Jarrett Little, MSB #104812
THE LITTLE LAW FIRM, PLLC
2505 14th St., Ste. 212
Gulfport, MS 39501
(228) 867-6050
jarrett@thelittlelaw.com

## CERTIFICATE OF SERVICE

      I, W. Jarrett Little, hereby certify that on this day, I caused a true and correct copy of the foregoing to be filed via the Court's ECF system which, in turn, served all counsel of record in this matter and that a true and correct copy of the foregoing has been mailed to the Debtor's 20 largest creditors which is on file with the Court as DK # 4.

      THIS the 10th day of December, 2025.

                                                    By: */s/ W. Jarrett Little*
                                                           W. Jarrett Little